**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

COLONIAL PIPELINE COMPANY; TERRA NOVA INSURANCE COMPANY LIMITED; COMMERCIAL UNION ASSURANCE COMPANY PLC; THE NIPPON INSURANCE COMPANY OF EUROPE LIMITED; SWITZERLAND INSURANCE COMPANY UK LIMITED; FUJI INTERNATIONAL INSURANCE COMPANY LIMITED; OCEAN MARINE INSURANCE COMPANY LIMITED; INDEMNITY MARINE ASSURANCE COMPANY, LIMITED; PHOENIX ASSURANCE PLC LSA A/C; NORTHERN ASSURANCE COMPANY LIMITED PER NORTHERN UNDERWRITING AGENCY NO. 6 ACCOUNT; YORKSHIRE INSURANCE CO. LTD., L Account; SIRIUS UK

INSURANCE PLC; ZURICH REINSURANCE UK LIMITED; COMPAGNIE D'ASSURANCES MARITIMES AERIENNES ET TERRESTRES; GAN MINISTER INSURANCE COMPANY LIMITED; PHOENIX ASSURANCE PUBLIC LIMITED COMPANY; THE SCOTTISH LION INSURANCE COMPANY LIMITED; HANSA MARINE INSURANCE COMPANY UK LIMITED; THE TOKIO MARINE & FIRE INSURANCE COMPANY UK LIMITED; SPHERE DRAKE INSURANCE PLC NO. 1 A/C,

Plaintiffs-Appellants,

v.

No. 97-1926

THE DRIGGS GROUP, INC.; THE
DRIGGS CORPORATION,
<u>Defendants-Appellees,</u>

and

PATTEN CONSTRUCTION COMPANY;

PATTEN BEERS CONSTRUCTORS,
INCORPORATED,
<u>Defendants,</u>

HCA HEALTH SERVICES OF VIRGINIA,
INCORPORATED,
<u>Party in Interest.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Richard L. Williams, Senior District Judge.
(CA-96-1700-A)

Argued: May 6, 1998

Decided: June 26, 1998

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge,
and BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Bruce Victor Schewe, PHELPS DUNBAR, New Orleans,
Louisiana, for Appellants. Thomas Frederick Holt, Jr., KIRKPAT-

2

RICK & LOCKHART, L.L.P., Boston, Massachusetts, for Appellees.
**ON BRIEF:** Leah E. Nunn, J. Clifton Hall, III, William H. Howard,
III, PHELPS DUNBAR, New Orleans, Louisiana; Alan B. Croft,
BAACH, ROBINSON & LEWIS, Washington, D.C., for Appellants.
Mark E. Haddad, Phoebe S. Gallagher, Elizabeth L. Smith, KIRK-
PATRICK & LOCKHART, L.L.P., Boston, Massachusetts; Linda M.
Gardner, KIRKPATRICK & LOCKHART, L.L.P., Washington,
D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1993, a 36-inch subsurface oil pipeline owned by appellant,
Colonial Pipeline, ruptured. As a result of the rupture, appellants
incurred clean up costs in excess of $15 million dollars. Appellants
brought suit to recover these costs under the Federal Oil Pollution Act
(OPA) and various state law theories, alleging that defendant-appellee
Driggs struck and gouged the pipeline in 1986 while Driggs was con-
structing a parking lot near the pipeline and that this gouge resulted
in the pipe's eventual rupture in 1993.

The district court granted summary judgment for defendants on
appellants' OPA claims on the ground that the Act did not apply to
Driggs' alleged gouging of the pipe, which, if it occurred at all,
occurred prior to the effective date of OPA. The court allowed appel-
lants' state law claims to proceed to trial, but-- at the close of appel-
lants' case in chief -- the district court granted defendants' motion
for a directed verdict because appellants' case against Driggs was "to-
tally speculative" and was insufficient to allow a jury to find liability.
J.A. at 1191. The district court also found the state law claims time-
barred. Id.

3

In order to prevail on their OPA and state law claims, appellants had to prove that, more probably than not, Driggs damaged the pipeline and that that damage caused the pipeline's eventual rupture. In other words, appellants had to proffer evidence that, if credited by the jury, would establish not merely that it was a possibility that Driggs damaged the pipeline, but that there was a reasonable probability that it did so. Appellants had no direct evidence that Driggs gouged the pipeline while leveling the ground above and adjacent to the pipeline to create a parking lot. Instead, Colonial relied entirely on circumstantial evidence to make its case. Having heard oral argument and reviewed the record and the submissions of the parties, we agree with the district court that appellants did not present sufficient circumstantial evidence from which a jury could reasonably find that, more probably than not, it was Driggs who damaged the pipeline, rather than any of the other groups that worked in the area at the time of the pipeline's installation and thereafter. Appellants, in essence, would be asking the jury simply to speculate about which of the potentially responsible parties actually caused the damage to the pipeline. This we cannot allow them to do. Accordingly, the judgment of the district court is affirmed.*

AFFIRMED

_____
*Because we affirm the dismissal of appellants' OPA claims and state law claims on the ground that appellants could not prove causation, we do not consider the correctness of the district court's alternative holdings on those claims.

4